SO ORDERED: April 28, 2015.



*Basil H. Lorch III*
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFERY EUGENE MONTGOMERY, | ) | Case No. 12-70879-BHL-13 |
| Debtor. | ) | |
| | ) | Adv. Proc. No. 14-57007 |
| DESHAY SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERY EUGENE MONTGOMERY, | ) | |
| Defendant. | ) | |

### ORDER OF DISMISSAL

This matter is currently before the Court *sua sponte*. This adversary proceeding was initiated by the Complaint to Determine Dischargeability of Debt filed by the Plaintiff, Deshay Smith ("Smith"), and came before the Court on a Motion for Summary Judgment filed by the Defendant, Jeffrey Eugene Montgomery ("Montgomery"). After reviewing the pleadings and upon review of its jurisdiction, the Court finds that the Plaintiff's complaint should be **DISMISSED** for the reasons set forth below.

1

## BACKGROUND

Montgomery and Smith divorced in Posey County, Indiana in January of 2010. Per the Summary Decree of Dissolution of Marriage (Doc. 1, Exhibit A) issued by the Posey Circuit Court, Montgomery was awarded sole and exclusive ownership of the real estate at 10706 Boberg Road in Posey County, Indiana (the "Residence"). Smith was ordered to execute and deliver a quit claim deed conveying her interest in the Residence to Montgomery. Montgomery was ordered to hold Smith harmless from any payment or liability on the Residence and to refinance the Residence within one year. Neither party performed their obligations regarding the Residence.

Montgomery filed his petition under chapter 13 of the Bankruptcy Code on March 1, 2013. His chapter 13 plan was confirmed on November 6, 2013 and is currently in progress. In her complaint and response in opposition to summary judgment, Smith alleges that, in failing to refinance the Residence and drawing on the home equity line of credit after their divorce, Montgomery has injured her by incurring liability in her name and harming her credit score. Smith is seeking a judgment that any damages arising from such injury are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) as debt for willful and malicious injury by the debtor. Montgomery maintains that Smith's claim is unsustainable.

## DISCUSSION

In this instance, the Court need not evaluate the merits of Smith's claim or rule on Montgomery's motion for summary judgment. Montgomery is a chapter 13 debtor. Section 1328 of the Bankruptcy Code governs discharge in a chapter 13 case and provides two avenues to discharge for a chapter 13 debtor. Typically, a chapter 13 debtor seeks a "full-compliance" discharge under § 1328(a) after completion of all plan payments. Alternatively, a struggling chapter 13 debtor who has failed to complete all plan payments can move for a "hardship" discharge pursuant to § 1328(b), which may be granted after notice and a hearing if

the debtor meets certain criteria. Smith brought this claim to exempt a debt from Montgomery's discharge under 11 U.S.C. § 523(a)(6). However, the § 523(a)(6) exception does not apply in the context of a full-compliance discharge and the issue is not otherwise ripe for review given that Montgomery has not moved for a hardship discharge.

Pursuant to Fed. R. Civ. P. 12(h)(3),[1] the Court is obligated to review its own jurisdiction and must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). For the Court to exercise subject-matter jurisdiction over Smith's case, the case must be ripe for adjudication under the case or controversy requirement of Article III of the Constitution. *Vorhees v. Brown,* 134 F.3d 375 (7th Cir. 1998). Thus, if the case is not ripe for the purposes of Article III, it must be dismissed for lack of subject-matter jurisdiction. *Biddison v. City of Chicago*, 921 F.2d 724, 726 (7th Cir. 1991). A case is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all. *Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Montgomery appears to be proceeding toward a full-compliance discharge under § 1328(a). A full-compliance discharge is broader in scope than the discharge provided under other sections of the Code. As indicated in the introductory language of § 523(a), the provisions of § 523 do not generally apply in a discharge under § 1328(a). Instead, § 1328(a)[2] provides its own list of exceptions to discharge, and the § 523(a)(6) exception for a debt for willful and malicious injury is not among them. When a chapter 13 debtor is proceeding toward a full-compliance discharge, there is no need to litigate the issue of whether a debt is a § 523(a)(6) debt for willful and malicious injury as it will be discharged regardless under 1328(a).[3] *In re*

---

[1] This rule is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).
[2] Section 1328(a)(2) excepts from full-compliance discharge any debt "of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), 3), (4), (5), (8), or (9) of section 523(a)."
[3] While § 1328(a)(4) does provide an exemption from full-compliance discharge for civil restitution or civil damages awarded for willful or malicious injury by the debtor, the § 1328(a)(4) exception is distinct from and narrower in scope than that under § 523(a)(6). Further, the § 1328(a)(4) exception is not an issue that is currently before the Court as Smith brought her complaint under § 523(a)(6).

3

*Liescheidt*, 404 B.R. 499, 504 (Bankr. C.D. Ill. 2009). As such, Smith's claim under § 523(a)(6) is moot in the context of a full-compliance discharge.

In the case of a hardship discharge under § 1328(b), however, the introductory language of § 523(a) renders the (a)(6) exception applicable. Further, Fed. R. Bankr. P. 4007(d) provides that upon a debtor's motion for discharge pursuant to § 1328(b), the court must set a deadline for the filing of a complaint under § 523(a)(6). Still, taken together, § 1328 and Rule 4007(d) make it clear that the issue of whether a debt is a § 523(a)(6) debt for willful and malicious injury is only relevant *if* a debtor has moved for a hardship discharge under § 1328(b). In this case, Montgomery is making payments on his chapter 13 plan and is proceeding toward a full-compliance discharge. Montgomery has not moved the Court for a hardship discharge and may never do so. Unless and until Montgomery does request a hardship discharge, Smith's claim under § 523(a)(6) is not ripe for review in federal court. *See In re Toste*, No. 12-02333, 2014 WL 3908139, at *3 (B.A.P. 9th Cir. Aug. 12, 2014); *Liescheidt*, 404 B.R. at 504. The Court therefore presently lacks subject-matter jurisdiction to adjudicate this case.

Accordingly, the Court finds that Smith's Complaint to Determine Dischargeability of Debt under § 523(a)(6) should be, and hereby is, **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

###